**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>NOEMI MALDONADO MALDONADO,<br><br>    Debtor. | CASE NO. 25-01357 MAG13<br><br>Chapter 13<br><br><br>FILED & ENTERED ON 11/3/2025 |

**OPINION AND ORDER**

On March 28, 2025, Noemi Maldonado Maldonado ("Debtor") filed a petition for relief under chapter 13 of the Bankruptcy Code. Pending before the court are the Motions to Allow Filing of Proof of Claim After Bar Date Due to Untimely Notice filed by claimants Jez Rincon 1 OZF, LLC ("Jez Rincon") and Vision Rincon BB OZ, LLC ("Vision Rincon") (collectively, the "Claimants"). Dkt. ## 24, 25. For the reasons stated below, the motions filed by the Claimants are denied, and their claims are disallowed as untimely filed.

**I.      JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II.      BACKGROUND**

On March 28, 2025, Debtor filed a petition for relief under chapter 13. Dkt. # 1. In schedule E/F, Debtor listed as unsecured creditors Jez Rincon with a claim in the amount of $20,300, and Vision Rincon with a claim in the amount of $9,750. Dkt. # 1, p. 29. The basis for

both claims is described as a "lawsuit." Id. The Claimants were included in the creditor mailing matrix filed with the petition at the following address: Miramar Plaza Center, 954 Ponce de León Avenue, Suite 204, San Juan, PR 00907. Dkt. # 1, pp. 10–11.

On March 29, 2025, the court issued its standard order establishing deadlines, including the date for the meeting of creditors under 11 U.S.C. § 341 and the deadline for filing proofs of claim. Dkt. # 5. The § 341 meeting of creditors was scheduled for May 1, 2025, and the deadline for nongovernmental creditors to file proofs of claim was set for June 6, 2025. Id. The Bankruptcy Noticing Center ("BNC") gave notice of the order entered at Dkt. # 5 to the Claimants. Dkt. # 8.

The § 341 meeting of creditors was held on May 1, 2025. Dkt. # 13. The Claimants did not appear or participate.

On May 5, 2025, Debtor filed an amended chapter 13 plan. Dkt. # 15. Debtor's plan makes no provision for the Claimants.

On May 23, 2025, the court set a confirmation hearing for August 7, 2025. Dkt. # 18.

On July 23, 2025, Vision Rincon filed a proof of claim in the amount of $209,705 and later amended the same on July 24, 2025. Claims Register ## 8-1, 8-2. Both claims list the creditor's address for notice as 954 Ponce de León Avenue, Suite 204, San Juan, PR 00907, the same address included in the creditor mailing matrix filed with the petition. The proof of claim identifies the basis for the claim as damages for breach of contract.

On July 24, 2025, Vision Rincon filed a Motion to Allow Filing of Proof of Claim After Bar Date Due to Untimely Notice. Dkt. #24. In its motion, Vision Rincon alleged that it did not receive timely notice of the meeting of creditors or the bar date for filing proofs of claim, asserting that it first became aware of Debtor's bankruptcy filing on July 22, 2025, when they

received the Notice of Chapter 13 case; the court-issued March 29, 2025 standard order establishing deadlines found at Dkt. #5. Vision Rincon further argued that the failure to receive timely notice constitutes excusable neglect or lack of due process, warranting the allowance of the late-filed claim under 11 U.S.C. § 502(b)(9) and applicable case law, including Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). Lastly, it asserted that the late filing of its proof of claim would not prejudice Debtor, the estate, or other creditors, as the case remained pending, and the claims administration process was still ongoing.

On July 23, 2025, Jez Rincon filed a proof of claim in the amount of $220,300 and later amended the same on July 24, 2025. Claims Register ## 9-1, 9-2. Likewise, on July 24, 2025, Jez Rincon filed a Motion to Allow Filing of Proof of Claim After Bar Date Due to Untimely Notice for the same reasons asserted by Vision Rincon at Dkt. # 24. Dkt. # 25.

On August 1, 2025, the Chapter 13 Trustee filed a report recommending the confirmation of Debtor's amended plan filed at Dkt. # 15. Dkt. # 28. The Claimants did not object to the confirmation of the Debtor's amended plan filed at Dkt. # 15.

On August 5, 2025, the court confirmed Debtor's amended plan. Dkt. # 31.

On August 13, 2025, the Claimants filed a request for a Fed. R. Bankr. P. 2004 examination of Debtor alleging that additional information was necessary to determine the accuracy and completeness of Debtor's representations regarding her business, corporation assets and real estate. Dkt. # 40. In support of their request, the Claimants pointed out that they have the largest claims subject to discharge in this case.

On August 22, 2025, Debtor filed oppositions to the Claimants' motions to allow the late filing of proofs of claim. Dkt. ## 42, 43. The Debtor argued that the motions should be denied because the record demonstrates that the Claimants received timely notice of the bankruptcy case

3

and the bar date. She pointed out that the certificate of service dated April 2, 2025 at Dkt. # 8 confirms that notice was served to the Claimants' admitted address at 954 Ponce de León Avenue, Suite 204, San Juan, PR 00907, and that no notices were returned as undeliverable. Debtor further notes that the Claimants' own filings and proofs of claim identify this same address as their principal place of business and as the designated mailing address for creditor notices.

Debtor also asserted that, even assuming arguendo that the Claimants did not receive direct notice from the court, they had constructive notice through the state court litigation. An April 10, 2025 motion filed in the state action explicitly notified the parties of the bankruptcy filing, attached the bankruptcy notice, and requested a stay of proceedings. On April 28, 2025, the state court entered the administrative closing of the case upon the request for the stay of proceedings due to the bankruptcy filing. Such order was notified to counsel of record for the Claimants on April 29, 2025 at their emails on record.

Moreover, Debtor argued that Fed. R. Bankr. P. 3002(c)(7) does not provide a basis for relief because the Claimants were served at the correct address and, therefore, received sufficient notice of the bar date and gave Debtor a reasonable time to file the proof of claim. The Claimants failed to act promptly after receiving notice, waiting until July 23, 2025, more than three months after the April 10, 2025 notice and over six weeks after the June 6, 2025 bar date, rendering the delay inexcusable. Debtor further contends that the Pioneer standard for excusable neglect is inapplicable and, in any event, not satisfied. The prejudice to Debtor would be substantial, as the chapter 13 plan has already been confirmed and reopening the claims process would disrupt case administration. The length and reason for delay, attributable solely to the Claimants' lack of diligence, also weigh heavily against them.

4

On September 4, 2025, Debtor filed a motion requesting that the court hold in abeyance the Claimant's request for a Fed. R. Bankr. P. 2004 at Dkt. # 40 pending the court's resolution of the Motions to Allow Filing of Proof of Claim After Bar Date Due to Untimely Notice filed at Dkt. ## 24 and 25, as well as the Debtor's oppositions thereto filed at Dkt. ## 42, 43. Dkt. # 52.

On September 16, 2025, the Claimants filed a reply to Debtor's oppositions to their motions seeking leave to file proofs of claim after the bar date. Dkt. # 53. In their reply, the Claimants reiterated that their failure to file timely claims was due to excusable neglect under Fed. R. Bankr. P. 9006(b)(1) and Pioneer, 507 U.S. 380. They asserted that the United States Postal Service's failure to deliver notice of the bankruptcy proceedings caused their delay, a circumstance beyond their control. The Claimants further contended that Debtor would not be prejudiced by allowance of the late-filed claims, as the only distribution to date had been to Debtor's counsel and the case had not yet been fully administered.

The Claimants also raised concerns regarding Debtor's candor and disclosures. They alleged that Debtor failed to list a corporation known as Awning Windows, Inc., which purportedly owns real estate, machinery, and equipment used in the manufacture of windows and doors. According to the Claimants, Debtor represented to them that she owned and controlled this corporation, held meetings at its premises, and was identified on various public sources as its President. They argued that such omission from the schedules constitutes concealment of assets.

In addition, the Claimants asserted that Debtor failed to comply with her duties under 11 U.S.C. § 521 and the Federal Rules of Bankruptcy Procedure by not cooperating with discovery under Fed. R. Bankr. P. 2004. They noted that, despite the filing of a Rule 2004 motion, Debtor refused to produce documents or testimony addressing these issues. The Claimants contended

5

that this pattern of nondisclosure and noncompliance demonstrates bad faith and abuse of the bankruptcy process.

On September 19, 2025, Debtor filed a Motion to Strike Claimants' Reply at Dkt. #53, asserting that the reply introduced new matters beyond the scope of Debtor's oppositions to the motions requesting leave to file proofs of claim after the bar date. Dkt. #54. In the alternative, Debtor requested leave to file a sur-reply within fourteen days.

On October 2, 2025, the court entered an order at Dkt. #56 denying Debtor's request to strike the Claimants' reply but granting her request for leave to file a sur-reply and directing her to do so within fourteen days.

Also on October 2, 2025, the court granted Debtor's request at Dkt. #52 and held in abeyance the Claimants' request for a Rule 2004 examination pending the court's resolution of the motions to allow the late-filed claims. Dkt. #55.

On October 27, 2025, Debtor filed a sur-reply reiterating her prior arguments. Dkt. #59.

### III.    APPLICABLE LAW AND DISCUSSION

"In chapter 13 cases, a timely filed proof of claim is a precondition to allowance of the claim and the creditor's right to receive a distribution." Mondriguez-Torres v. Lopez (In re Lopez), 629 B.R. 322, 327-328 (B.A.P. 1st Cir. 2021) (quoting Vicenty v. San Miguel Sandoval (San Miguel Sandoval), 327 B.R. 493, 512 (B.A.P. 1st Cir. 2005)). The bar date for filing proofs of claim in chapter 13 cases is governed by Fed. R. Bankr. P. 3002(c), which provides that a proof of claim is timely if filed within seventy (70) days after the order for relief. The Rule affords no discretion to extend this deadline for unsecured claims, except under the limited exceptions set forth in Fed. R. Bankr. P. 3002(c)(1) – (7). The exceptions in subsections (1) through (6) pertaining to governmental units, infants or incompetent persons, post-petition

judgments, rejected executory contracts or unexpired leases, notice of newly available assets, and claims secured by a debtor's principal residence—are inapplicable to the Claimants in this case.

The Claimants, however, assert that they did not receive adequate notice of the bar date to file their proofs of claim. This contention falls under Fed. R. Bankr. P. 3002(c)(7), which permits the court to extend the filing period by up to sixty (60) days if the notice provided was insufficient to give a reasonable opportunity to file. A motion under this Rule may be granted if the court finds that the notice provided to the creditor was insufficient to afford a reasonable opportunity to file a proof of claim. See, 9A Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 3002.03[1] (16th ed. 2025). In evaluating whether to extend the deadline to file claims under Rule 3002(c)(7), courts consider "whether the creditor had actual notice of the bankruptcy notwithstanding the failure to include or accurately list the creditor on the [list of creditors]." In re Vrusho, 634 B.R. 660, 667 (Bankr. D.N.H. 2021) (quoting In re Fitzgerald, 2020 Bankr. LEXIS 2594, at * 9 (Bankr. M.D. Fla. May 18, 2020)). See also, In re Price, 2019 Bankr. LEXIS 1995, at *3 (Bankr. W.D. Va. July 3, 2019) (denying creditor's motion to extend the proof of claim deadline where the creditor had actual notice of the bankruptcy notwithstanding an inaccurate address listed by the debtor).

In this case, the BNC mailed the notice of the bar date for filing proofs of claim to Vision Rincon at the Claimants' admitted address—954 Ponce de León Avenue, Suite 204, San Juan, PR 00907—as reflected in the Certificate of Service filed at Dkt. #8.[1] "Once notice of the date for filing proofs of claim is mailed to the creditor in accordance with the rule, the creditor is presumed to have received the notice." 9A Collier on Bankruptcy ¶ 3002.03[1] (16th ed. 2025).

---

[1] The court notes that the BNC's certificate of service reflects that notice to Jez Rincon was sent to 954 Ponce de Leon Avenue, Suite 204, San Juan, PR 00918-1810, which contains an incorrect zip code. However, notice to Vision Rincon was sent to the Claimants' admitted address, 954 Ponce de Leon Avenue, Suite 204, San Juan, PR 00907. Dkt. # 8.

The Claimants contend that their delay in filing proofs of claim was caused by the United States Postal Service's failure to deliver the notice of the bankruptcy proceedings until July 22, 2025. However, they have presented no evidence to rebut the presumption of receipt in a few days after mailing, and "[m]ere testimony of nonreceipt is insufficient to overcome that presumption." Id.

Moreover, even assuming arguendo that the Claimants did not receive direct notice of the bar date from the court on time, the record demonstrates that they had actual notice of Debtor's bankruptcy filing through the state court litigation in Case No. IS2024CV00042 before the Puerto Rico Court of First Instance, Aguadilla Part, where the Claimants sued Celesty Security Doors & Windows Inc., Awning Windows, and the Debtor, among others, for collection of monies and breach of contract. In that proceeding, Debtor filed a motion to stay the action due to the bankruptcy filing on April 10, 2025, and the state court entered judgment staying the case on April 28, 2025 notice of which was given to counsel for the Claimants by email. Dkt. ##42-2, 42-3. Accordingly, the record establishes that the Claimants had actual notice of the bankruptcy case well before the June 6, 2025 bar date for filing proofs of claim.

The Claimants further contend that their failure to receive timely notice of the bar date constitutes "excusable neglect," warranting the allowance of their late-filed claims under 11 U.S.C. § 502(b)(9) and applicable case law, including Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). In Pioneer, the Supreme Court held that "excusable neglect" for purposes of Fed. R. Bankr. P. 9006(b)(1) permits courts, in appropriate circumstances, "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388. However, the Court in Pioneer expressly noted that the "excusable neglect" standard for filing proofs of claim applies only to cases brought under chapter 11. Id. at 389. Consistent with that principle, it is "well

8

settled in the First Circuit that the proof of claim deadline in chapter 13 cases cannot be extended on the grounds of excusable neglect." Belser v. Nationstar Mortg., LLC (In re Belser), 534 B.R. 228, 235 (B.A.P. 1st Cir. 2015). Thus, Claimants' argument that their late-filed proofs of claim should be allowed on grounds of excusable neglect is without merit and must be denied.

The court notes that, in their reply at Dkt. #53, the Claimants argued for the first time that the Debtor acted in bad faith and concealed assets by failing to disclose in her schedules a corporation known as Awning Windows, Inc., which allegedly owns real estate, machinery, and equipment used in the manufacture of windows and doors. These assertions, however, raise new matters outside the scope of Debtor's oppositions to the Claimants' motions requesting leave to file proofs of claim after the bar date. Furthermore, they are irrelevant to the issue presently before the court. And as to the argument related to Debtor's failure to respond to the Rule 2004 examination requests, the court ruled that the motion for the 2004 examination is in abeyance pending the resolution of the instant contested matter and whether the Claimants are in fact parties in interest with standing to make such request.

Lastly, the record reflects that the Claimants appeared in this case on July 23, 2025, prior to the confirmation of Debtor's amended plan on August 5, 2025. Accordingly, the Claimants had the opportunity to object to confirmation on the basis that their motion to file proofs of claim after the bar date remained pending, yet they failed to do so. It is well established that "[p]lan confirmation is a final order, with res judicata effect, and is imbued with the strong policy of favoring finality." Factors Funding Co. v. Fili (In re Fili), 257 B.R. 370, 373 (B.A.P. 1st Cir. 2001). "If a creditor does not object to confirmation, section 1327 binds the creditor to the terms set forth in the plan and further precludes collateral attack of the plan's confirmation." In re Pagan, 2014 Bankr. LEXIS 1632, at *15–16 (Bankr. D.P.R. Apr. 14, 2014). Likewise, "[p]lan

9

confirmation orders are final and binding regardless of the pre-confirmation rights held by creditors." Morales v. EMI Equity Mortg. Inc. (In re Morales), 2019 Bankr. LEXIS 793, at *12 (Bankr. D.P.R. Mar. 13, 2019). As further explained by Collier on Bankruptcy, "the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." 8 Collier on Bankruptcy ¶ 1327.02 (16th ed. 2025). Therefore, the Claimants are now bound by the terms of Debtor's confirmed plan pursuant to 11 U.S.C. § 1327(a).

## IV. CONCLUSION

Because the Claimants received actual notice of the bar date for filing proofs of claim, their request for allowance of late-filed claims does not fall within any of the exceptions enumerated under Fed. R. Bankr. P. 3002(c). Moreover, Fed. R. Bankr. P. 9006(b)(1) and its standard of "excusable neglect" is inapplicable regarding late-filed claims in Chapter 13 cases. Therefore, their Motions to Allow Filing of Proof of Claim After Bar Date Due to Untimely Notice filed by the Claimants at Dkt. ## 24, 25 are denied and proofs of claim number 8 and 9 are disallowed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of November 2025.

María de los Ángeles González
United States Bankruptcy Judge

10